United States District Court
Southern District of Texas

**ENTERED**

April 22, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENRICA SIMONE GHOREISHI, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-1543 |
| | § | |
| TJX COMPANIES D/B/A TJ MAXX, | § | |
| HOMEGOODS, INC. *and* | § | |
| MARMAXX OPERATING CORP., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant's Motion for Leave to File Motion for Summary Judgment (Document No. 10). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied.

## I. BACKGROUND

This is a premises liability case. On December 7, 2021, Plaintiff Enrica Ghoreishi ("Ghoreishi") was shopping at a HomeGoods Store located in Sugar Land, Texas (the "Store"). The Home Goods store is owned by Defendant TJX Companies d/b/a TJ Maxx ("TJ Maxx"), Defendant HomeGoods, Inc ("HomeGoods") and Defendant Marmaxx Operating Corp. ("Marmaxx") (collectively, the

1

"Defendants").[1] Ghoreishi alleges she slipped on a silica packet while shopping at the Store.[2] Ghoreishi contends she was seriously injured due to her fall caused by the unsafe condition.

Based on the foregoing, on March 17, 2023, Ghoreishi brought this suit in Fort Bend County District Court for the 268th Judicial District, asserting one claim of premises liability against the Defendants. On April 26, 2023, HomeGoods removed the case to this Court asserting diversity jurisdiction.

## II. LAW & ANALYSIS

HomeGoods moves for leave to file a motion for summary judgment nearly two months after the deadline to file such motion had passed. HomeGoods contends certain depositions, which did not occur until February 2024, were necessary to draft its summary judgment motion. Ghoreishi contends HomeGoods failed to address any of the factors at issue when moving to amend a rule 16 scheduling order.

Federal Rule of Civil Procedure 16 governs amendments to pleadings after a scheduling order's deadline to amend has passed. *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R.

---

[1] Before removal TJ Maxx and Marmaxx both filed verified denials of liability, and HomeGoods answered. At this time HomeGoods is the only defendant that has made an appearance.

[2] Silica is a drying agent which prevents moisture build up in many consumer goods.

Civ. P. 16(b)(4). Under Rule 16, four factors determine whether there is good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters., LLC*, 315 F.3d at 535 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Further, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' " *S & W Enters., LLC*, 315 F.3d at 535 (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). The Court evaluates each factor in turn.

HomeGoods fails to address any of the Rule 16 factors in its motion for leave. Instead HomeGoods generally asserts that good cause exists because certain discovery was not completed until February 2024 and that granting leave would promote judicial efficiency. However, discovery was set to close December 2023 and motions were due in January 2024.[3] At no time was the Court made aware that discovery was extending into February 2024 or that more time would be needed to file dispositive motions. Further, this case is set for the May/June 2024 trial term and allowing this late motion will prejudice Ghoreishi. Additionally, a continuance will

---

[3] *Rule 16 Scheduling Order*, Document No. 7 at 1.

not cure all the prejudice caused because the trial term is near and Ghoreishi would have to divert focus from the upcoming trial to respond to the late filed motion for summary judgment. Accordingly, HomeGoods fail to show that any of the factors weigh in favor of granting leave to file its motion for summary judgment. Therefore, HomeGoods' motion for leave is denied.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion for Leave to File Motion for Summary Judgment (Document No. 10) is **DENIED**.

SIGNED at Houston, Texas, on this _22_ day of April, 2023.

DAVID HITTNER
United States District Judge

4